<u>NOT FOR PUBLICATION</u>                                          [Docket No. 13]

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

| | |
|---|---|
| NATIONAL SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>FRANK PAPA, OLYMPIC NATIONAL EXPRESS, WALTER S. BENKIUS, JR., and MARK IV TRANSPORT and LOGISTICS,<br><br>        Defendants. | Civil No. 11-2798 RMB/KMW<br><br>OPINION |

George T. McCool, Jr.
Wright & O'Donnell
33 Wood Avenue South
Suite 600
Iselin, NJ 08830
    Attorneys for Plaintiff National Specialty Insurance
    Company

Dawn L. Jennings
Rawle & Henderson LLP
40 Lake Center Executive Park, Suite 200
401 Route 73 North
MARLTON, NJ 08053
    Attorneys for Defendant Mark IV Transport and Logistics

BUMB, United States District Judge:

Defendant Mark IV Transport and Logistics ("Mark IV") has moved to vacate the Clerk's entry of default in this matter. For the reasons that follow, that motion is DENIED.

I. Background

On September 27, 2010, in Logan Township, New Jersey, a motor vehicle being operated by Charles B. Minor ("Minor") collided with a tractor-trailer being operated by Walter S. Benkius ("Benkius"). Following the accident, on March 28, 2010, Minor filed suit (the "Minor Litigation"), in the Superior Court of New Jersey, against (1) Benkius; (2) Rancocas Valley Warehouse & Trucking ("Rancocas") – the owner of the tractor trailer Minor was driving and, allegedly, Benkius' employer; and (3) Mark IV – also alleged to be Benkius' employer. Minor alleges that Benkius operated his tractor trailer in a reckless and negligent manner, that Minor suffered injury as a result, and that Rancocas and Mark IV are liable for Benkius' conduct based on theories of agency, negligent entrustment, and negligent hiring.

Rancocas maintains an insurance policy (the "Policy") with Plaintiff National Specialty Insurance Co. (the "Plaintiff"). The Policy insures Rancocas for use of the tractor-trailer and, pertinent here, others using it with Rancocas' permission,

provided that they are not utilizing for non-Rancocas business, or under the terms of a written lease. The Policy reads in pertinent part:

> 1. WHO IS AN INSURED
>
> The following are "insureds":
>
> > a. You for any covered "auto."
> >
> > b. Anyone else while using with your permission a covered "auto" you own, hire or borrow. **However, none of the following are "insureds"** under this subparagraph**:**
> >
> > >    **\* \* \***
> > > (7) Anyone who has leased, hired, rented, or borrowed an "auto" from you that is used in a business other than yours.
> > >
> > > (8) Anyone that is using an "auto" of yours under a written lease or trailer interchange agreement.

On May 17, 2011, Plaintiff filed a Complaint in this Court seeking a Declaratory Judgment that, under the Policy, it has no duty to defend or indemnify the Defendants in this action – Frank Papa, Olympic National Express, Benkius, and Mark IV - in the Minor Litigation. Plaintiff argues that, on the date of the accident, the tractor-trailer was being used under a written lease agreement and for "business other than that of Rancocas" – both of which are conditions under which, as discussed above, Plaintiff disclaims coverage.

3

None of the named Defendants answered the complaint and, at Plaintiff's request, the Clerk of the Court entered default against them. Default was entered against Mark IV on July 19, 2011. On August 28, 2011, Mark IV moved to vacate the entry of default, pursuant to Fed. Rules of Civil Procedure rule 55(C), and filed a proposed answer.

II. Legal Standard

A motion to vacate default is governed by Rule 55 of the Federal Rules of Civil Procedure. Under the Rule, "[f]or good cause shown the court may set aside an entry of default...." A decision to set aside an entry of default is left to the discretion of the district court. United States v. $55, 518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). However, default is disfavored and doubtful cases must be resolved in favor of the moving party so that the cases may be decided on their merits. Id, at 194-95.

The Court considers four factors in determining whether there is good cause to vacate entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Emcasco Ins. Co. v. Sambrick, 834 F. 2d 71, 73 (3d Cir. 1987). While district

courts are urged to make explicit findings concerning all of these factors in considering a motion to vacate entry of default, the second factor — whether the defendant has a meritorious defense — is considered to be a dispositive "threshold question." U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984).

Though motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard. See Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656 (3d Cir.1982)("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment"); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981)("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2692 at 471 ("[T]he federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment.").

In light of that greater lenience, several courts have, while recognizing that lack of a meritorious defense is, by itself, dispositive in the motion to vacate default judgment context, been reluctant to similarly hold in the entry of

5

default context.  Allstate Ins. Co. v. Hopfer, No. 08-4549, 2009 WL 1362612, at *3 (E.D.Pa. May 14, 2009)(granting vacatur while holding that motion to vacate would not be denied on lack of meritorious defense alone); Toy v. Haman, No. 07-3076, 2008 WL 5046723, at *4 (D.N.J. Nov. 20, 2008)(allowing vacatur despite lack of specific presentation of meritorious defenses); See Mike Rosen & Associates, P.C. v. Omega Builders, Ltd., 940 F.Supp. 115, 121 (E.D.Pa. 1996)(granting vacatur, contingent upon the development of facts sufficient to support a meritorious defense, while noting that "[i]n cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists").  These courts have granted vacatur even without the demonstration of a meritorious defense.  Id.  Other courts have taken a different approach.  These courts have, as an alternative sanction, denied vacatur while affording the movant a final additional opportunity to demonstrate a meritiorious defense. Foundation Structures, Inc. v. Safeco Ins. Co. of Am., No. 08-4763, 2009 WL 2602431, at *4-5 (E.D.Pa. Aug. 24, 2009)(denying motion but granting the movant 30 days to submit meritorious defenses); Days Inn Worldwide, Inc. v. Jerbev Corp., No. 08-1659, 2009 WL 249244, at *2 (D.N.J. Feb. 2, 2009)(denying motion but allowing the movant 20 days additional time to show a meritorious

defense); Conference Archives, Inc. v. Sound Images, Inc., No. 3:06-86, 2007 WL 870116, at *5 (W.D.Pa. March 20, 2007)(denying motion but granting movant 30 days extra time); Choice Hotels Intern., Inc. v. Pennave Assocs., Inc., 192 F.R.D. 171, 175 (E.D.Pa. 2000)(allowing movant six days to show a meritorious defense); Richard v. Kurtz, No. Civ. A. 98-5589, 1999 WL 1038334, at *3 (E.D.Pa. Nov. 8, 1999)(denying motion but giving movant an additional 30 days to demonstrate a meritorious defense); Atlas Comms., Ltd. v. Waddill, No. Civ. A. 970-1373, 1997 WL 700492, at *4 (E.D.Pa. Oct. 31, 1997)(denying motion but granting the movant 20 days to show a meritorious defense).

This Court agrees with the latter approach. The greater leniency afforded movants in the entry of default context cannot entirely excuse their obligation to present a meritorious defense. Lack of a meritorious defense is, in fact, a dispositive threshold matter in both the entry of default and entry of default judgment context. $55,518.05 in U.S. Currency, 728 F.2d, at 195 (3d Cir.1984)("Because . . . failed to establish a meritorious defense, his motion to set aside the entry of default and the default judgment must be denied. Consequently, we do not decide the issues whether the government would be prejudiced . . . or whether [Defendant's] culpability led to the default and to the default judgment.")(emphasis added); Holt's Co. v. Hoboken Cigars LLC, No 09-3782, 2010 WL

2011314, at *1 (D.N.J. May 19, 2010)(finding that a failure to raise a meritorious defense is "fatal" to a motion to vacate an entry of default); Developers Surety & Indemnity, Co. v. NDK General Contractors, Inc., No. 06-0086, 2007 WL 542381, at *4 (D.N.J. Feb. 15, 2007)(denying motion to set aside entry of default where the movant had failed to adduce sufficient evidence of a meritorious defense, which is a threshold issue in deciding a motion to set aside entry of default).  There is no point in setting aside default in either context where affording the movant an additional opportunity to present a defense would be futile.   See Sourcecorp Inc. v. Croney, 412 Fed. App'x 455, 460 (3d Cir. 2011)("We shall not engage in the futile exercise of [vacating a default judgment] in which there is no potential defense").

III. Discussion

   Mark IV claims that: (1) Plaintiff would not be prejudiced by vacatur; (2) it has meritorious defenses; and (3) its failure to timely answer was the result of excusable neglect.  Plaintiff disputes each of these assertions.  Neither party has addressed the fourth factor – the availability of alternative sanctions.

   A.   Prejudice and Culpable Conduct

   Mark IV's first and third points - the first and third factors of the four-part test this Court must apply in considering Mark IV's motion - may be swiftly addressed.  With

respect to the first factor, Plaintiff can point to no prejudice that it would suffer from vacatur beyond the prejudice inherent in vacatur of default. This is insufficient. Sourcecorp, 412 F. App'x at 460 ("First, we have previously held that the costs associated with continued litigation normally cannot constitute prejudice."); Toy, 2008 WL 5046723, at *3 ("[D]elay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default.")(quoting Itche Corp. v. G.E.S. Bakery, Inc., No. 08-3103, 2008 WL 4416457, at *2 (D.N.J. Sept. 24, 2008); C. Wright and A. Miller, Federal Practice and Procedure, § 2699 ("Even though courts frequently express a concern for the party not in default, they generally conclude that no substantial prejudice will be caused by granting relief in the case before them, however. Thus, for example, courts have ruled that the fact that plaintiff would have to try the case on the merits if relief is granted is not the kind of prejudice that should preclude relief. Similarly, the fact that reopening the judgment would delay plaintiff's possible recovery has not, in itself, been deemed to bar relief. Something more must be shown.").

    Neither can this Court conclude that Mark IV's default was the result of culpable conduct. Culpable conduct is conduct of the type that demonstrates "flagrant bad faith." Emcasco Ins.,

9

834 F.2d at 75.  Here, Mark IV claims, and Plaintiff does not dispute, that Mark IV's delay was the result of a failure by Mark IV to inform counsel that it had been served and Mark IV responded within four months of service.  This is not the type of flagrant bad faith the standard contemplates.

    B.    The Existence Of Meritorious Defenses

While both these factors weigh in favor of vacatur, presentation of a meritorious defense remains a threshold issue and, in this case, Mark IV has failed to raise a meritorious defense.  A meritorious defense is one that, if established at trial, would constitute a complete defense to the action. U.S. Currency, 728 F.2d at 195.  It must allege "specific facts beyond simple denials or conclusionary statements." Huertas v. Ameritrade, Inc., No. 06-1430, 2008 WL 141106, at *5 (D.N.J. Jan. 11, 2008)(quotation and citation omitted); Lowey Dannenberg Cohen PC v. Dugan, 249 F.R.D. 67, 70 (S.D.N.Y. 2008)(holding that bald and conclusory assertions were insufficient).  Mark IV makes three arguments in support of its contention that it has meritorious defenses: (1) that it is unclear who hired and insured Benkius at the time of the accident; (2) that it should be entitled to participate in discovery to determine what insurance coverage it is owed; and (3) that Plaintiff failed to include indispensable parties under Rule 19, namely Rancocas and the plaintiffs in the Minor Litigation.

10

On the first argument, who hired or insured Benkius at the time of the accident is irrelevant to Mark IV's entitlement to coverage under the Policy. Mark IV has presented no facts that, if proven, would demonstrate Mark IV's entitlement to insurance under the Policy. Plaintiff alleges, and Mark IV does not dispute, that Benkius was operating the vehicle at issue under the terms of a written lease, and that this precludes any coverage to others besides Rancocas. And even if there were no written lease, Mark IV would have to demonstrate, to obtain coverage, that it had obtained permission from Rancocas to use the vehicle at the time of the accident and was using it to perform Rancocas business. Mark IV alleges neither. It has instead solely pled insufficient conclusory statements and denials.

On the second argument, the need to participate in discovery is not a meritorious defense that would prevail at trial and Mark IV cites to no authority suggesting this need otherwise qualifies as "good cause" to vacate default. Even accepting the potential for the need to conduct discovery as representing good cause, it cannot establish good cause in this case. The preparation of a meritorious defense was Mark IV's responsibility and Mark IV has presented no excuse for its failure. The information Mark IV would need to present a meritorious defense in this matter (if one were possible) stems

11

from its own relationship with the parties and would likely be information it had in its own possession from the start, or would have been available to it in discovery in the Minor Litigation.

On the third argument, Mark IV has not shown that any of the parties identified by it are indispensable to this litigation.[1]  Federal Rule of Civil Procedure 19 governs whether a party is indispensable. See Scott Paper Co. v. National Cas. Co., 151 F.R.D. 577, 578-79 (E.D.Pa.1993). In order to be indispensable, a party must first be found to be necessary.  See Fed.R.Civ.P. 19; Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993).  A party is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

---

[1]  The Court questions whether failure to join indispensable parties, even if demonstrated, represents a complete defense on the merits sufficient to show good cause for vacatur.  It is a defect that does not represent a defense on the merits if the matter were at trial. See Friends of the Sakonnet v. Dutra, 783 F. Supp. 623 (D.R.I. 1990)(holding that indispensable parties "is not a defense on the merits of the case").  It more closely resembles the procedural infirmities that other courts have rejected as constituting meritorious defenses.  Home Loan Investment Bank, F.S.B. v. Goodness and Mercy, Inc., No. 10-CV-4677, 211 WL 1701795, at *9 (E.D.N.Y. Apr. 30, 2011)(finding that procedural irregularities were not meritorious defenses because they did not "refute or otherwise impact the claims against them."); 1st Bridge LLC v. 682 Jamaica Ave., LLC, No. 08-CV-3401, 2009 Wl 301941, at *1 (E.D.N.Y. Feb. 6, 2009)(finding that "alleged procedural irregularities" did not constitute a defense on the merits of the complaint).

>>(i) as a practical matter impair or impede the person's ability to protect that interest or
>
>>(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.
>
>Fed.R.Civ.P. 19(a).

Once a party is found to be necessary, the court then assesses whether that part is indispensable to the proceeding. Fed.R.Civ.P. 19(b). A party is indispensable if it cannot be joined and "equity and good conscience" compel dismissal. Fed.R.Civ.P. 19(b).

Mark IV cites to no legal authority supporting its contention that the parties it has identified are even necessary to the litigation. With respect to the Minor Litigation plaintiffs, their absence from the litigation will not affect this Court's ability to afford complete relief between the parties before it. The only issue before the Court is the Defendants' entitlement to insurance coverage. Neither do they have a sufficient interest in the outcome of this litigation to make their joinder necessary. The Minor Litigation plaintiffs certainly have a potential <u>financial</u> interest in the outcome of this litigation, as Defendants' entitlement to coverage could affect their recovery if they prevail in the underlying tort action and the Defendants are unable to satisfy the damages award. However, Rule 19 requires, and they lack, a sufficient

"legal interest" in the subject of the litigation to make them necessary parties. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 229 (3d Cir. 2005)[2]; Becker v. Farmington Casualty Co., No. 1:08-CV-2228, 2009 WL 1845221, at *3 (M.D.Pa. June 25, 2009) Nat'l Casualty Co. v. Young, No. 07-CV-4836, 2008 WL 4414719, at *2 (E.D.Pa. Sep. 23, 2008); Abood v. Gulf Group Lloyds, No. 3-2007-299, 2008 WL 2651310, at *7 (W.D.Pa. July 1, 2008). With respect to Rancocas, under the plain terms of the Policy, Rancocas is always insured regardless of others' entitlement, or lack of entitlement, to insurance coverage. Its absence from the litigation will not affect this Court's ability

---

[2] In Fed. Kemper Ins. Co. v. Rauscher, the Third Circuit held, in dicta, that plaintiffs in an underlying tort action were indispensable parties to a separate action concerning insurance coverage for a defendant in the underlying action and an insurer. Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354 (3d Cir. 1986). The Circuit Court's holding appears to have been predicated, in part, on the fact that the underlying plaintiffs had a potential right, under Pennsylvania law, to subsequently bring a direct action against the insurer. Id. The insurance coverage litigation would obviously impact the underlying plaintiffs ability to prevail in the later suit. Following Rauscher, several district courts applied the same reasoning and reached the same conclusion. Nationwide Mut. Ins. Co. v. Bellmore Merrick Cent. High Sch. Dist., No. 3:04-CV-1884, 2005 WL 1385204, at *2 (M.D.Pa. June 10, 2005); State Farm Fire & Cas. Co. v. Kessler, No. 93-CV-0100, 1993 WL 147195 (E.D.Pa. May 4, 1993).

Here, the Minor Litigation plaintiffs appear to enjoy a similar potential right of action under New Jersey law as in Rauscher. See Alit Ltd. v. Brooks Ins. Agency, No. 06-cv-04500, 2007 WL 3170116, at *5 (D.N.J. Oct. 26, 2007)(holding that third party direct actions against insurers are permissible in certain circumstances). Therefore, these plaintiffs would be considered necessary parties if Rauscher controls. It does not. While the Rauscher decision was not specifically mentioned in Liberty Mut. Ins. Co. v. Treesdale, Inc., the Third Circuit considered, and rejected, the same substantive argument there and Rauscher was specifically referenced in the parties' briefing. 419 F.3d at 216. Treesdale is therefore best viewed as displacing Rauscher and, under Treesdale, the Minor Litigation plaintiffs are not necessary parties to this action.

to afford complete relief to the parties before it, or impede Rancocas' own legal rights. Therefore, the parties identified by Mark IV as indispensable to this litigation are not even necessary parties under Rule 19. Even if Mark IV demonstrated that they were necessary to this litigation, it has made no showing that the missing parties are indispensable. Fed.R.Civ.P. 19(b). It has not shown that the missing parties could not be joined and that "equity and good conscience" compel the dismissal of the case, as required under Rule 19. Id.

    C.   Alternative Sanctions

The alternative sanctions factor is motivated by the court's recognition that default is a harsh sanction and that lesser sanctions may adequately deter bad conduct while allowing cases to be decided on their merits. See Emcasco, 834 F.2d at 73. Where, however, the moving party has failed to demonstrate a meritorious defense, that underlying rationale is undermined and the fourth prong has less force. Wyndham Hotels and Resorts, LLC v. Rhonda & Sons, Inc., No. 2:10-cv-2866, 2011 WL 1560666, at *2 (D.N.J. April 25, 2011)(finding that consideration of alternative sanctions was unnecessary where the court had considered and rejected the meritorious defenses offered); Angelo Bros. Co. v. A & H Co., No. CIV. A. 96-2507, 1996 WL 571720, at 4 (E.D. Pa. Oct. 7, 1996)(finding that alternative sanctions were inappropriate where the defendant had completely

15

failed "to articulate any meritorious defense"). As indicated above, courts have found that, where lack of a meritorious defense is the sole factor weighing against vacatur, denial of vacatur and an additional final opportunity to demonstrate a meritorious defense is an appropriate alternative sanction to simply denying the motion to vacate. See, e.g., Days Inn Worldwide, Inc., 2009 WL 249244, at *2. This Court agrees. There is no point in granting vacatur if Mark IV has no meritorious defense. Therefore, Mark IV's motion to vacate is denied. The Court will, however, in light of the disfavor with which defaults are held, grant Mark IV a final opportunity to offer a meritorious defense to this action. Mark IV shall submit any meritorious defenses it has to this action within 30 days of the filing of this Opinion.

IV. Conclusion

For the reasons set forth above, Mark IV's motion to vacate entry of default is DENIED. Mark IV shall have 30 days from the filing of this Opinion to present the Court with meritorious defenses. An appropriate Order will issue this date.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: March 14, 2012