IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NATIONAL SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK PAPA, OLYMPIC NATIONAL EXPRESS, WALTER S. BENKIUS, JR., and MARK IV TRANSPORT and LOGISTICS,<br><br>　　　　Defendants. | Civil No. 11-2798 RMB/KMW<br><br><br>OPINION |

George T. McCool, Jr.
Wright & O'Donnell
33 Wood Avenue South
Suite 600
Iselin, NJ 08830
　　Attorneys for Plaintiff National Specialty Insurance
　　Company

Dawn L. Jennings
Rawle & Henderson LLP
40 Lake Center Executive Park, Suite 200
401 Route 73 North
Marlton, NJ 08053
　　Attorneys for Defendant Mark IV Transport and Logistics

BUMB, United States District Judge:

Plaintiff National Specialty Insurance Company ("Plaintiff") has moved for default judgment against Defendants Mark IV Transport and Logistics ("Mark IV"), Walter S. Benkius ("Benkius"), Frank Papa ("Papa"), and Olympic National Express ("Olympic") (collectively, the "Defendants").  For the reasons that follow, that motion is GRANTED.

I. Background

On September 27, 2010, in Logan Township, New Jersey, a motor vehicle being operated by Charles B. Minor ("Minor") collided with a tractor-trailer being operated by Benkius. Following the accident, on March 28, 2010, Minor filed suit (the "Minor Litigation"), in the Superior Court of New Jersey, against (1) Benkius; (2) Rancocas Valley Warehouse & Trucking ("Rancocas") – the owner of the tractor trailer Minor was driving and, allegedly, Benkius' employer; and (3) Mark IV – also alleged to be Benkius' employer.  Minor alleges that Benkius operated his tractor trailer in a reckless and negligent manner, that Minor suffered injury as a result, and that Rancocas and Mark IV are liable for Benkius' conduct based on theories of agency, negligent entrustment, and negligent hiring.

Rancocas maintained an insurance policy (the "Policy") with Plaintiff.  The Policy insures Rancocas for use of the tractor-

trailer and, pertinent here, others using it with Rancocas'
permission, provided that they are not utilizing it under a
lease for non-Rancocas business.  The Policy reads in pertinent
part:

   1. WHO IS AN INSURED

   The following are "insureds":

     a. You for any covered "auto."

     b. Anyone else while using with your permission a
     covered "auto" you own, hire or borrow. **However, none
     of the following are "insureds"** under this
     subparagraph**:**

         **\* \* \***
     (7) Anyone who has leased, hired, rented, or
     borrowed an "auto" from you that is used in a
     business other than yours.

On May 17, 2011, Plaintiff filed a Complaint in this Court
seeking a Declaratory Judgment that, under the Policy, it has no
duty to defend or indemnify the Defendants in this action –
Frank Papa, Olympic National Express, Benkius, and Mark IV - in
the Minor Litigation. [Docket No. 1].  Plaintiff alleged that,
on the date of the accident, the tractor-trailer was being used
under a lease agreement for "business other than that of
Rancocas" – a condition under which, as discussed above,
Plaintiff disclaims coverage. [Compl. ¶¶ 15-17].

None of the named Defendants answered the complaint and, at
Plaintiff's request, the Clerk of the Court entered default

against them. On August 26, 2011, Mark IV moved to vacate the entry of default, pursuant to Fed. Rules of Civil Procedure rule 55(C), and filed a proposed answer. [Docket No. 13].

On March 14, 2012, this Court entered an Opinion and Order denying Mark IV's motion to vacate finding that Mark IV had failed to present a meritorious defense in the action. [Docket Nos. 18, 19]. However, it allowed Mark IV thirty days to submit meritorious defenses that would justify vacating default; it failed to do so. On March 29, 2012, Plaintiff moved for summary judgment. [Docket No. 20]. On October 23, 2012, this Court denied Plaintiff's motion for summary judgment finding that the appropriate procedure for Plaintiff to follow was to file a motion for default judgment and not one for summary judgment. Accordingly, on November 8, 2012, Plaintiff moved for default judgment against the Defendants.

II. Legal Standard

A motion for default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 55. Under the Rule, entry of default by the clerk of the court is a necessary prerequisite to default judgment. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Once entry of default has been obtained, and a party has moved for default judgment, the Court considers four factors in determining whether a default judgment

4

should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; (3) whether defendant's delay is due to culpable conduct; and (4) the effectiveness of alternative sanctions. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987).[1] While district courts are required to make explicit findings concerning all of these factors in considering defaults, the second factor — whether the defendant has a meritorious defense — is considered to be a dispositive "threshold question." U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984)(indicating that the existence of a meritorious defense is a threshold issue); Emasco, 834 F.2d at 74 (requiring district courts to make explicit findings regarding the four factors).

III. Discussion

Because Plaintiff obtained entry of default prior to moving for default judgment, its motion for default judgment is procedurally ripe. Therefore, entry of default judgment hinges on the four factors described above.

---

[1] Courts have also considered whether "a sufficient cause of action was stated." Coach, Inc. v. Fashion Paradise, LLC, No. 10-4888, 2012 WL 194092, at *2 (D.N.J. Jan. 20, 2012). In this Court's view, this inquiry is subsumed by the litigable defense factor, since lack of a sufficient cause of action would be a litigable defense.

5

With respect to Defendants Benkius, Papa, and Olympic, these Defendants have still failed to appear in the case and they do not oppose default judgment. Analyzing the four factors with respect to these Defendants, the Court finds that: (1) there does not appear to be substantial prejudice to Plaintiff for denying default with respect to these Defendants; (2) the Defendants do not appear to have a litigable defense since they are not directly named as insureds in the policy and would be excluded from coverage based on the vehicle being used pursuant to a lease for non-Rancocas business; (3) at this point in the litigation, their delay may be viewed as culpable (Coach, 2012 WL 194092, at *6 (finding failure to appear or defend while facing default judgment demonstrates culpable conduct)); and (4) alternative sanctions short of default judgment would be ineffective because these Defendants lack a meritorious defense. Accordingly, default judgment with respect to these Defendants is warranted.

With respect to Mark IV, this Court previously addressed these same factors as they apply to Mark IV in ruling on Mark IV's motion to vacate. Nat'l Specialty Ins. Co. v. Papa, No. 11-2798, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012). It found that, while entry of default would not prejudice Plaintiff and Mark IV's delay was not due to culpable conduct, Mark IV lacked

6

any meritorious defense and alternative sanctions would be futile given the lack of a meritorious defense. Id. at *3-6. Mark IV has failed to offer good reason to revisit these determinations. It instead largely rehashes the same arguments that it raised previously that it has a meritorious defense to this action. First, it claims that there are material facts in dispute. But the only material fact is one that Mark IV has submitted no evidence to dispute – that, at the time of the accident, the tractor-trailer was being used under a lease agreement for non-Rancocas business.[2] In fact, Mark IV's Counterstatement of Material Facts, submitted in opposition to Plaintiff's motion for default judgment, admits that the tractor trailer was being used pursuant to the terms of a lease for non-Rancocas business at the time of the accident. [Docket No. 28, Mark IV's Counterstatement of Material Facts ¶¶ 14-15] Second, it claims as a defense the fact that Mark IV had an independent contractor agreement with Papa under which Papa agreed to indemnify Mark IV. But Mark IV's right to indemnity from Papa has no bearing on whether it has coverage under the Policy. Finally, it argues that an endorsement to the Policy revives

---

[2] Assuming that the Complaint's reference to a "lease" meant a written lease, this Court also previously relied on a separate Policy exclusion that applied where the vehicle was being operated under the terms of a written lease. Nat'l Specialty, 2012 WL 868944, at *4. Because Mark IV's opposition suggests that the lease may have been oral [Docket No. 28, Mark IV's Brief in Opposition to Default Judgment at 9], the Court does not rely on it here.

coverage to it.  But it fails to explain how the endorsement provides coverage to Mark IV.  The endorsement merely broadens Plaintiff's obligations to its insured, not to non-insured parties like Mark IV.

In sum, because Mark IV has provided no ground to disturb this Court's prior analysis, this Court finds that entry of default judgment is appropriate.

IV. Conclusion

For all these reasons, Plaintiff's motion for default judgment is GRANTED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: May 9, 2013